UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No.: 4:07 CV 00394 |
| MID-AMERICA PIPING, INC., et al. | ) ) ) |
| Defendants. | ) |

## MEMORANDUM

This matter comes before the Court on Defendants' motion (Doc. #32, filed June 20, 2007). Defendants move to dismiss Plaintiff's claims pertaining to the "small bond" (*infra*) in that such claims are not yet ripe for adjudication. Responsive pleadings have now all been filed. This cause of action is currently set for trial on the Court's docket of August 11, 2008.

### *LEGAL STANDARD*

This Court's jurisdiction is limited to actual "cases" and "controversies." U.S. CONST. art. III, § 2. It is well-established that this qualification prohibits courts from issuing "advisory opinions," i.e. what the law *would be*, or how a dispute *would be* resolved, based on a set of hypothetical facts.[FN1] *Public Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005) (citing *Bender v. Educational Credit Mgmt. Corp.*, 368 F.3d 846, 847-48 (8th Cir. 2004)). Whether an issue is "ripe" is a question of degree.[FN2]

> **FN1**. "[T]here must exist 'a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037-38 (8th Cir. 2000) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)) (internal quotations omitted).
>
> **FN2**. *See Public Water Supply Dist. No. 8*, 401 F.3d at 932 (citing *Nebraska Public Power*, 234 F.3d at 1037-38). Courts should consider (i) fitness of the issues, and potential hardship of withholding judicial review. *Nebraska Public Power*, 234 F.3d at 1038 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

## *ANALYSIS*

Plaintiff alleges, in relevant part, that on June 22, 2004 Defendants Midwest and O'Connor issued an unauthorized bond ("small bond")to the St. Charles County Public Water Supply District No. 2 ("SCC Water Supply"), naming Mid America Piping, Inc. ("MidAmerica") as principal, and Plaintiff as surety. Plaintiff did not learn of the bond's issuance until June 10, 2005. Thereafter, Plaintiff promptly notified Defendants that the bond was not properly authorized.

The subject bond, attached to Plaintiff's complaint, provides that if MidAmerica (i) breaches its contract with SCC Water Supply, or (ii) fails to pay certain claims or demands; Plaintiff, "as Surety, [is] held and firmly bound unto [SCC Water Supply]." If either condition is unsatisfied, Plaintiff's obligation is null and void.

In their motion, Defendants assert that Plaintiff has not suffered any injury in that no claim has yet been made on the bond. Ergo, Defendants argue, any potential controversy is not ripe for adjudication. In response, Plaintiff avers that SCC Water Supply has asserted a claim on the bond and can bring suit to enforce the same. In that way, Plaintiff offers SCC Water Supply's letter to MidAmerica, on which Plaintiff was copied, outlining MidAmerica's outstanding obligations. In the letter, SCC Water Supply directs MidAmerica to "do no more work on this project," and advises that it "will take appropriate action with your bonding company, Auto Owners Insurance Company."

Notwithstanding Plaintiff's *post*-complaint allegations, the Court sees no actual or "certainly impending" injury alleged *in the complaint*. Thereupon, for purposes of the instant motion, Plaintiff's claims are not ripe for adudication.[FN3] *See Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003) (" 'It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct.' ") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). *See also* FED. R. CIV. P. 8(a) (Plaintiff's complaint must include an affirmative allegation demonstrating the court's basis for jurisdiction.).

> **FN3**. Plaintiff additionally requests leave to amend its complaint to seek declaratory judgment, *see U.S. v. Fisher-Otis Co., Inc.*, 496 F.2d 1146, 1151 (8th Cir. 1974) ("The purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or a breach of duty.") (citing *Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989 (5th Cir. 1952)).

Even assuming Plaintiff had originally sought declaratory judgment, jurisdictional constraints mandate " 'a substantial controversy. . . of sufficient immediacy and reality.' " *Fisher-Otis*, 496 F.2d at 1151 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). *See also Ohio Cas. Ins. Co. v. East Cent. College*, No. 4:05-cv-00744, 2005 WL 3053701, at *2 (D.Mo. Nov. 15, 2005) (declaratory judgment does not do away with the traditional justiciability requirement of ripeness) (citing *Pub. Water Supply Dist. No. 10*, 345 F.3d at 572).

    Here, the complaint sets forth that Plaintiff is exposed to (i) "a possible claim," (ii) "possible" damages/ losses, and/or (iii) "additional as yet undetermined losses" relating to the SCC Water Supply bond. However, the complaint fails to establish a "certainly impending" injury because it does not allege (i) any breach of MidAmerica's obligations to SCC Water Supply, and/ or (ii) MidAmerica's failure to pay certain enforceable claims or demands. Furthermore, the Court is not convinced that the instant dispute involves predominantly legal issues, or that its delayed resolution will result in significant harm. *Nebraska Public Power*, 234 F.3d at 1038 (citations omitted).

    *See*, *e.g.*, *Baude v. Heath*, No. 1:05-cv-0735, 2007 WL 2479587, at *8 (D.Ind. Aug. 29, 2007) (" 'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.' ") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (internal quotations omitted); *Public Water Supply Dist. No. 8*, 401 F.3d at 933 (any opinion would be advisory where certain pending events would resolve the dispute).

Accordingly, Defendants' motion to dismiss (Doc. #32) is HEREBY GRANTED. *See State of Mo. ex rel. Missouri Highway and Transp. Com'n v. Cuffley*, 112 F.3d 1332, 1337 (8th Cir. 1997).

**D**ated this 18th day of March, 2008.

                                          **SENIOR UNITED STATES DISTRICT JUDGE**