| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07 CV 00394 |
| | ) | |
| MID-AMERICA PIPING, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This matter comes before the Court on Plaintiff's motion for leave to further amend its complaint (Doc. #87, filed Apr. 2, 2008). Responsive pleadings have now all been filed. This cause of action is currently set for trial on the Court's docket of August 11, 2008.

### *LEGAL STANDARD*

The Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), articulated the federal courts' liberal amendment policy, as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* at 182.

Aside from the proposed additions/modifications, largely semantic in nature; Plaintiff's seeks to further amend its complaint to (i) add/alter language which relates to the "small bond" (*infra*), and (ii) add language which pertains to the "bid bond" (*infra*). The Court deals with each in turn.

*i.* THE "SMALL BOND"

Plaintiff filed the instant suit seeking relief for, among other things, Defendants issuance of an unauthorized bond ("small bond") to the St. Charles County Public Water Supply District No. 2 ("District 2"), which named Plaintiff as surety. The small bond provided that if the principal (i) breached its contract with District 2, or (ii) failed to pay certain claims or demands; Plaintiff, "as Surety, [is] held and firmly bound unto [District 2]." If neither condition was satisfied, Plaintiff's obligation would nullify.

This Court recently dismissed Plaintiff's claims pertaining to the "small bond" in that such claims were not yet ripe for adjudication. (*See* Doc. #83, filed Mar. 18, 2008.) The Court reasoned that Plaintiff's complaint fails to establish a "certainly impending" injury in that it does not allege (i) any breach of the Principal's contractual obligations to District 2, and/ or (ii) the Principal's failure to pay certain enforceable claims or demands.

Shortly after the Court's Order (Doc. #83), Plaintiff filed the instant motion in order to supplement and/or amend the complaint in the following respects, *inter alia*:

> ... Auto-Owners has been damaged in that it ∴ **was** subjected to a claim on the St. Charles County Public Water Supply District No. 2 bond, **which also required investigation and assistance from counsel.**
> ∴
> The aforesaid acts of negligence directly and proximately caused Auto-Owners to sustain ∴ **an additional loss in form of investigative costs in connection with the Water District's claim** on The St. Charles County Water Supply District No. 2 bond. (emphasis in original.)

In support of its motion, Plaintiff urges that the complaint's original language relating to (i) "a possible" claim, damages, and/or losses; and/or (ii) "additional as yet undetermined losses" was not intended "to indicate that there was any uncertainty as to existence of the claim, but rather [was] intended to make clear that [Plaintiff] did not know (1) whether [District 2] would continue to press its claim against [Plaintiff] in light of its prolonged inactivity in regard to the claim, and (2) the amount of [Plaintiff]'s damages resulting from the unauthorized issuance of the [] payment and performance [of the small] bond."

Here, the Court acknowledges that the proposed allegations, i.e. that District 2 did in fact lodge a claim against Plaintiff and Plaintiff took certain actions upon that basis, would certainly trigger Plaintiff's liability to District 2, and Defendants' respective duty to, *inter alia*, indemnify.[FN1] Notwithstanding the same, the Court finds that, in this instance, justice requires that the proposed amendments be denied.

Contrary to Plaintiff's position throughout much of this case, the Court's limited resources are not maximized when it engages in the oft meticulous and time-consuming task of reviewing the parties' arguments and exhibits; only to be confronted with successive, fresh legal theories and issues thereafter. Rather, following careful consideration of the *briefed* issues, and absent extraordinary circumstances; the Court's findings will be afforded finality.

This principle is similarly extended to opposing counsel. As the parties certainly are aware; filing, responding, and replying to these pre-trial motions is not without cost. Thereupon, all matters to come before the Court, should come before the parties in a fashion that permits time and opportunity to respond-- comprehensively and conclusively.

Here, Plaintiff filed its complaint on February 28, 2007; at which time, it had access to the same set of facts it now seeks to offer. Despite Defendants' motion to dismiss (which it premised upon Plaintiff's insufficient pleading); Plaintiff did not seek leave to amend until fifteen days after the Court's dismissal of the claims at issue. See *United Food and Commercial Workers Intern. Union, Local 751 v. Brown Group, Inc.*, 50 F.3d 1426, 1432 (8th Cir. 1995), *rev'd on other grounds*, 517 U.S. 544 (1996) (" 'Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal.' ") (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1082 (8th Cir.1993)). *See also Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003) (Eighth Circuit affirmed district court's denial of motion to amend, citing unexcused delay, where plaintiff was put on notice of complaint's potential deficiencies on January 25, 2002 and did not seek leave to amend until September 23, 2002, a month after their claims' dismissal.).

Accordingly, Plaintiff's motion for leave to amend shall be denied insofar as it relates to the proposed language pertaining to the "small bond."

**FN1**. That having been said, and in accord with its previous Order (Doc. #83), the Court does not find that the record supports Plaintiff's allegations.

*ii. THE "BID BOND"*

Plaintiff further seeks to amend its complaint to add a claim relating to the unauthorized "bid bond."  Defendants oppose such amendment for the very same reason they moved to dismiss Plaintiff's claims relating to the "small bond," i.e. that no claim has ever been made thereupon. Plaintiff responds that the issuance of the subject bond is relevant to its surviving claims; and that, despite Defendants notice of the same, Plaintiff only recently came across the bid bond (and its relevance to the dispute) during discovery.

In light of Plaintiff's recent discovery, and an insufficient showing of burden and/or prejudice on the opposing party; the Court finds the proposed amendments in the interests of justice.

**A**n Order in accordance with this Memorandum shall be forthcoming.

**D**ated this 29th day of May, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**