UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MID-AMERICA PIPING, INC., et al. )<br>)<br>Defendants. ) | Case No. 4:07 CV 00394 |

### ORDER

This matter comes before the Court on the parties' motions (No. 4:07-CV-00394 SNL, Doc. #78, filed Mar. 12, 2008; Doc. ##118, 120 & 122, filed June 23, 2008; *and* No. 4:06-CV-01029 SNL, Doc. #96, filed June 3, 2008). This cause is currently set for trial on the Court's docket of August 11, 2008.

### *POSTURE*

Plaintiff, a surety company, filed the instant action in February of 2007 against a number of defendants for their alleged role in the unauthorized issuance of surety bonds. Since that time, the parties and evidence have given rise to a number of additional claims, counter- and cross- filed among several contracting parties.

On March 12, 2008, Plaintiff moved for summary judgement on its claims as against Defendant Cannon General Contractors, Inc. ("Cannon"), and the counterclaims asserted by the latter. (No. 4:07-CV-00394 SNL, Doc. #78.) Pending ruling on Plaintiff's motion, Cannon moved to dismiss its counterclaims *with prejudice*. (*See* No. 4:06-CV-01029 SNL, Doc. #96, filed June 3, 2008.) Thereafter, Plaintiff stated that such dismissal would render its claims against Cannon moot. (No. 4:07-CV-00394 SNL, Doc. #118, filed June 23, 2008.)

Additionally before the Court is Defendants' motion to quash (No. 4:07-CV-00394 SNL, Doc. #122). Here, Cannon represents that Plaintiff issued a subpoena to counsel for Defendants (B.O.O., L.L.C., Dean Branson, and John O'Connor) to discover the specific amounts for which the parties settled their claims during mediation. Thereupon, Defendants move the Court to quash

the subject subpoena in that Plaintiff seeks information that is confidential and otherwise inadmissible. (No. 4:07-CV-00394 SNL, Doc. #122.)

Rule 26(b)(1) provides, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A subpoena may be issued to a party to compel the discovery of *relevant* evidence made otherwise unavailable. *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005).

Here, the parties' settlement agreement contained a confidentiality provision:

> CANNON and BOO agree that all matters relating to the terms, negotiation and implementation of this Agreement are confidential and are not to be disclosed to any other party, except by order of court, by agreement of CANNON and BOO, or as may be required by federal or state law or regulation...

Where a party designates certain documents as "confidential," she has not automatically shielded such evidence for purposes of discovery. *E.E.O.C. v. City of St. Louis*, No. 90-313C(6), 1991 WL 138324, at *1 (D.Mo. Mar. 27, 1991). Absent privilege or undue hardship, documents shall generally be made available where the information therein contained is *reasonably calculated to lead to the discovery of admissible evidence. Id.* (citing *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984), *and Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1102-04 (8th Cir. 1988)).

Notwithstanding the agreement's confidentiality clause, Defendants made its production available to Plaintiff, disclosing all terms of the agreement save for the specific amount of settlement. "Federal Rule of Evidence 408 promotes a public policy favoring settlement by establishing that '[evidence of ... statements made in compromise negotiations is ... not admissible.'" *Multi-Tech Systems, Inc. v. Dialpad.com, Inc.*, No. 00-1540, 2002 WL 27141, at *2 (D.Minn. Jan. 8, 2002) (citing Fed. R. Evid. 408). " 'When the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions.' " *Id.* (quoting *Young v. State Farm Mut. Auto Ins. Co.,* 169 F.R.D. 72, 76 (D.W.Va. 1996)).

Given Defendants' production of the redacted agreement, the Court does not find that disclosure of the settlement amount *will lead to the discovery of admissible evidence*. Accordingly, Defendants' motion to quash shall be granted.

**N**ow **T**herefore,

**IT IS HEREBY ORDERED** that Cannon's motion to dismiss (No. 4:06-CV-01029 SNL, Doc. #96) be, and is, **HEREBY GRANTED**. Cannon's claims against all parties to this action are **HEREBY DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (No. 4:07-CV-00394 SNL, Doc. #78) be, and is, **HEREBY DENIED** as moot.

**IT IS STILL FURTHER ORDERED** that Defendants' motion (No. 4:07-CV-00394 SNL, Doc. #120) for an extension of time in which to file be, and is, **HEREBY DENIED** as moot.[1]

**IT IS FINALLY ORDERED** that Defendants' motion to quash (No. 4:07-CV-00394 SNL, Doc. #122) be, and is, **HEREBY GRANTED**.

**D**ated this 26th day of June, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Following Defendant's motion (Doc. #120), the parties filed a joint consent (Doc. #125, filed June 24, 2008) resolving the instant matter. Accordingly, Defendants shall have until Monday, July 7, 2008, to file the subject pleadings and/or memoranda.