**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:07CV394-DJS |
| **MID-AMERICA PIPING, INC., et al.,** | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Defendants Mid-America Piping, Inc., and Robert Pendergrass (collectively referred to as "defendants") failed to timely answer or otherwise defend against plaintiff Auto-Owners Insurance Company's third amended consolidated complaint filed on May 6, 2009. On July 23, 2009, the Court ordered the Clerk to enter default against defendants, and to mail a copy of the Court's order to defendants via United States Postal Service. Doc. #182. The Clerk entered default against defendants on July 23, 2009. On July 22, 2009, plaintiff filed an appropriate motion for default judgment, supported by all necessary documentation. Docs. #180, 181. Plaintiff's certificate of service indicates the motion for default judgment was mailed via certified mail to the defendants. Doc. #180, p. 3. Defendants have not answered or otherwise responded to plaintiff's third amended consolidated complaint.

Now before the Court is plaintiff's motion for default judgment [Doc. #180]. In the case of a default, the "allegations in the complaint, in effect, become findings of fact." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).

> If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint except as to the amount of damages are taken as true. If the default is established, the defendant has no further standing to contest the merits of plaintiff's right to recover.

Id. (internal quotation and citation omitted). Defendants are in default. Accordingly, the facts alleged in plaintiffs' complaint are accepted as true.

Having carefully reviewed the record, the Court, pursuant to Federal Rule of Civil Procedure 55(b), hereby makes the following findings of fact and conclusions of law, which constitute the grounds for granting plaintiff's motion.

1. On July 7, 2006, plaintiff Auto-Owners Insurance Company filed a complaint asserting claims against, among others, Mid-America Piping, Inc., and Robert Pendergrass. This case was assigned case number 4:06CV1029. Defendants were served and responded to plaintiff's complaint by filing an answer on August 31, 2006.

2. On February 28, 2007, plaintiff filed another complaint against several other defendants. This case was assigned case number 4:07CV394.

3.  On July 2, 2007, case number 4:06CV1029 was consolidated with case number 4:07CV394. The consolidated action was subsequently reassigned to the undersigned judge on June 30, 2008.

4.  On April 29, 2009, after several claims asserted in the consolidated action were either voluntarily dismissed, settled, or otherwise disposed of, the Court entered an order requiring plaintiff to file a third amended consolidated complaint asserting all claims against all defendants that remained in the consolidated action in 4:07CV394-DJS.

5.  Plaintiff filed such an amended consolidated complaint on May 6, 2009, asserting claims against defendants Mid-America Piping, Inc. and Robert Pendergrass. In its April 29, 2009, order, the Court further ordered that any cross-claims, counterclaims, or third-party claims that had been asserted in 4:06CV1029 (which the Court intended to administratively close) but were not currently pending in the consolidated case (4:07CV394-DJS) were to be filed in 4:07CV394-DJS by May 12, 2009, and that failure to do so would result in such claims being dismissed without prejudice.

6.  No additional claims were filed in 4:07CV394-DJS, and on May 14, 2009, the Court entered an order in 4:06CV1029 dismissing without prejudice all remaining claims in that case and administratively closing that case, leaving only 4:07CV394-DJS as the pending consolidated action.

7.  Although both defendants were at one time represented by an attorney in 4:06CV1029, and subsequently the consolidated

action, that attorney withdrew his appearance on September 19, 2007, and no other attorney has entered an appearance on behalf of either defendant in this case.

8. No filings have been made by or on behalf of defendants since September 19, 2007 (which pertained to counsel's withdrawal).

9. On July 23, 2009, this Court entered its order directing the Clerk to enter default against defendants and to mail them a copy of the Court's order. Defendants were mailed a copy of the Court's default order on July 23, 2009.

10. To date, defendants have failed to answer or otherwise respond to plaintiff's third amended consolidated complaint.

11. Plaintiff is a Michigan corporation with its principal office and place of business in Michigan.

12. Defendant Pendergrass is an individual who resides in St. Charles County, Missouri.

13. Defendant Mid-America Piping, Inc., was, and for purposes of this action continues to be, a Missouri corporation having its principle place of business in St. Charles County, Missouri.

14. The amount in controversy in this case exceeds the sum and value of $75,000.00.

15. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1332.

16. This Court has personal jurisdiction over defendants by virtue of the fact that they are Missouri residents.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

18. Plaintiff's third amended consolidated complaint asserts a claim for indemnity against both defendants, and seeks damages pursuant to a contractual indemnification provision in which defendants agreed to jointly and severally indemnify plaintiff for its attorney's fees, court costs, and investigation fees that it incurred in prosecuting or defending any action or claim in connection with two bonds specifically alleged in the third amended consolidated complaint ("Bonds").

19. Litigation commenced pursuant to claims upon the Bonds. All such claims and litigation were eventually consolidated in this action (4:07CV394-DJS). After lengthy litigation, such claims were settled.

20. Defendants have failed and have refused to respond satisfactorily to plaintiff's demands for indemnification against liability and to hold it harmless of liability, loss, expenses, attorney's fees, and costs pursuant to the parties' indemnity agreement.

21. Defendants have breached their duty to jointly and severally indemnify plaintiff against liability and hold it harmless of liability, loss, expenses, attorney's fees, and costs under the parties' indemnity agreement.

22. As a direct and proximate result of defendants' joint and

several breaches of their duties to plaintiff, plaintiff has incurred damages.

23. To date, $429,360.41 in attorney's fees, court costs, and investigation fees have been expended by plaintiff in connection with claims on the Bonds.

24. Plaintiff has received settlement from other defendants no longer party to this action, for a portion of the above referenced attorney's fees, court costs, and investigation fees in the amount of $120,000.00.

25. Defendants remain jointly and severally liable to plaintiff for the remaining $309,360.41.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #180] is granted. A separate judgment shall be entered this day.

Dated this __16th__ day of September, 2009.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE